# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DAVID L. DUCKWORTH, | ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| CHARLES E. COVEY, Chapter 7 Trustee for David L. Duckworth, MICHLIG AGRICENTER GRAIN, LLC, MICHLIG AGRICENTER, INC., and RURAL COMMUNITY INSURANCE AGENCY, INC., | ) ) ) ) ) ) ) | |
| | ) | |
| Appellants and Cross-Appellees, | ) | |
| | ) | |
| v. | ) | Case Nos. 12-cv-1148 |
| | ) | 12-cv-1149 |
| STATE BANK OF TOULON, | ) | 12-cv-1150 |
| | ) | |
| Appellee and Cross-Appellant, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| MICHLIG AGRICENTER GRAIN, LLC, MICHLIG AGRICENTER, INC., and RURAL COMMUNITY INSURANCE AGENCY, INC., | ) ) ) ) | |
| | ) | |
| Miscellaneous Parties. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Charles Covey's, as Chapter 7 Trustee for David L. Duckworth ("Trustee"), Motion to Determine Jurisdiction in each of these three bankruptcy appeals, and the parties' Agreed Motion to Consolidate these

appeals. For the reasons stated below, the Motion to Determine Jurisdiction is granted insofar as the Court rules on the issue of jurisdiction, the Court finds that it does not have jurisdiction over this appeal, and the Motion to Consolidate is denied as moot.

Following Mr. Duckworth's filing for relief under Chapter 7 of the Bankruptcy Code, the State Bank of Toulon ("Bank") filed an Amended Complaint to determine the validity, priority, and extent of its claimed liens against the estate. The Bank also filed a second adversary proceeding related to certain excess equipment proceeds. The Trustee filed Counter-Claims and Cross-Claims in the Bank's first adversary proceeding, seeking, *inter alia*, a determination that the Bank held no valid liens, and to avoid statutory landlord liens against crop proceeds by several of Mr. Duckworth's landlords.[1] The Bank and Trustee filed Motions for Partial Summary Judgment as to the Bank's claimed security interest, and Michlig Agricenter Grain, LLC and Michlig Agricenter, LTD ("Michlig") also opposed the Bank's Motion for Partial Summary Judgment. The bankruptcy court determined that the Bank held the first lien on the crop and machinery proceeds to secure the 2008 note, that it held no lien on those assets to secure the 2010 note, and that the Bank had no lien on the crop insurance proceeds. The bankruptcy court also noted that the relative priority of the Bank's existing lien remained undetermined because of the unresolved landlord lien claims and Michlig's priority setoff right claim.

---

[1] The Trustee also filed other counterclaims, third party claims, and crossclaims against the Bank and Michlig in the adversary proceeding.

After each of these appeals was filed in this Court, the Trustee filed an identical Motion to Determine Jurisdiction in each case, which argued for a finding that this Court has jurisdiction over the appeal, and both the Bank and the Michlig parties filed responses arguing that the Court does not have jurisdiction. (Docs. 2, 5, 6).[2] Before proceeding with this appeal, the Court must determine whether it has jurisdiction. A district court has jurisdiction over appeals from final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1). A final order need not dispose of the entire bankruptcy proceeding, but must finally determine one creditor's position. *In re Jartran, Inc.*, 886 F.2d 859, 862 (7th Cir. 1989) (citing *In re Morse Electric Co.*, 805 F.2d 262, 264 (7th Cir. 1986)). The Court may also hear an interlocutory appeal in appropriate circumstances. 28 U.S.C. § 158(a)(3).

As noted above, the bankruptcy court has ruled on the Bank's claims to a first lien on the crop and machinery proceeds to secure its 2008 and 2010 notes, and its claimed lien on the crop insurance proceeds. The bankruptcy court has not yet determined the status of the landlords' liens, one of which is claimed by the Bank, and has not issued a ruling in the Bank's second adversary proceeding. Each party to the present appeal filed an appeal of this order, though the Bank and Michlig believe that the order is not an appealable final order.

The Trustee argues that the bankruptcy court's order is an appealable final order because it "finally determined the existence and avoidability of the Bank's claimed UCC security interest." (Doc. 2 at 4). However, the Trustee concedes that

---

[2] As this Order will be entered in each of the three cases, and because the relevant documents are identical in the three cases, the Court's discussion will hereinafter cite only to the case and document numbers of case number 12-cv-1148.

3

the existence of other issues within the adversary case remain unresolved, including the status of the landlords' liens, including one claimed by the bank, the avoidability of the preference payment and security interests and assignments granted to Michlig, and Michlig's right of setoff, and that the status of these issues "may render the Order non-final." (Doc. 2 at 4). In response, the Bank argues that the bankruptcy court's order is not a final order because "it did not resolve all the issues before the Bankruptcy Court in the Adversary Proceeding and because some of the Bank's claims against the Debtor await adjudication in" its second adversary proceeding. (Doc. 5 at 3). Michlig adopts the position taken by the Bank, and does not offer separate argument. (Doc. 6 at 2).

The Seventh Circuit set out the general principles of finality for bankruptcy court orders in *Matter of Morse Elec. Co., Inc.*:

> A disposition of a creditor's claim in a bankruptcy is "final" for purposes of [appeal] when the claim has been accepted and valued, even though the court has not yet established how much of the claim can be paid given other, unresolved claims. When one creditor's position is finally determined (subject only to proration at the end of the case to reflect the amount of assets and other allowed claims), the disposition is final. An order that leaves a claimant "nothing more to do than await the outcome of third-party litigation" is final [for a bankruptcy appeal] even though an equivalent order would not be final under § 1291 in the absence of a judgment under Rule 54(b).

805 F.2d at 264 (citing *In re Fox*, 762 F.2d 54, 56 (7th Cir. 1985)). The Northern District of Illinois has helpfully set out a three-category analysis of district courts' jurisdiction over bankruptcy orders that do not dispose of the entire bankruptcy proceeding: (1) orders that resolve all contested issues in the proceeding, leaving only the distribution of assets, (2) orders that determine the status of all of one creditor's claims, and (3) orders that determine a "discrete dispute that, but for the

continuing bankruptcy, would have been a stand-alone suit by or against the trustee." *In re J.S. II, L.L.C.*, 08 C 3582, 2009 WL 889988, *2-3 (N.D. Ill. Mar. 31, 2009) (some citations omitted; quoting *Zedan v. Habesh*, 529 F.3d 398, 402 (7th Cir. 2008)). The first two categories are plainly inapplicable. There are still a number of contested issues in the bankruptcy proceeding as a whole, even if one considers only those involving these parties. In addition, the Bank itself has an additional claim on one of the landlords' liens, and has a second adversary proceeding still ongoing. In the language of *Morse Electric*, there are many issues remaining beyond the final proration, and the Bank is not merely waiting for the outcome of third-party litigation. 805 F.2d at 264.

The third category of final appealable orders is inapplicable, as well. Though *Zedan* shows that often adversary suits constitute such "discrete" or "separable" disputes that can be appealed as soon as they are fully resolved, in this suit, the first adversary proceeding has only partially been resolved. *Zedan*, 529 F.3d at 402-03; *see also In re Resource Technology Corp.*, 528 F.3d 467, 474 (7th Cir. 2008) (resolution of "distinct and severable" issues can be final and appealable). There still remain the third-party claims, cross-claims, and counterclaims filed by the Trustee, as well as the status of the landlords' liens claimed by the Bank, in the adversary proceeding. In contrast, in *Zedan*, the entire adversary proceeding had been dismissed by the bankruptcy court, and was thus fully resolved. The Court finds that it does not have jurisdiction over the bankruptcy court's order deciding the Bank's and Trustee's Motions for Summary Judgment in the Bank's first adversary proceeding, because that order was not final.

As the Bank argues, this is not the occasion for an interlocutory appeal, either. Whether an interlocutory appeal of a non-final bankruptcy court order is appropriate is analyzed under the standards found in 28 U.S.C. § 1292(b); the party seeking to appeal bears the burden of establishing that the requirements are met and "of convincing the court that the case involves 'exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re J.S. II, L.L.C.*, 2009 WL 889988, *4 (quoting *In re Woltman*, 06-2088, 2006 WL 2052078, *1 (C.D. Ill. May 24, 2006) (alteration in original); citing *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997)). "Under the three part test [found in § 1292(b)], an interlocutory appeal is appropriate when it: (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Trustee of Jartran*, 208 B.R. at 900 (citing 28 U.S.C. § 1292(b); *In re Capen Wholesale, Inc.*, 184 B.R. 547, 549 (N.D. Ill. 1995)).

As an initial matter, the Trustee, the only party seeking an immediate appeal, makes no effort to show that any of the § 1292(b) elements are met, or that "exceptional circumstances" exist in this case. Moreover, as the Bank points out, the crop proceeds in question make up almost the entire fund currently held by the Trustee for distribution to creditors, and the various other claims in this matter, including those involving the Bank, will likely also be appealed. The Bank itself may be involved in another appeal of this very adversary proceeding, since it is a party to other claims within it, so it would promote the efficient use of both the

parties' and the Court's resources to allow further development of these claims. Also, once those other claims are resolved by the bankruptcy court, it may be that some of the claimants will decide not to further pursue their claims on appeal, as their prospects of recovering anything may be so diminished; it is not efficient for the Court to unnecessarily resolve complicated legal arguments that may well be resolved on their own. Finally, as pointed out by the Bank, none of the creditors would receive any distribution from the remaining funds at this time even if this Court were to take the appeal, and so there is no prejudice to awaiting the final resolution of these related and overlapping claims by the bankruptcy court before delving into an appeal. Because the Trustee has failed to carry his burden of showing that an interlocutory appeal is necessary, and because the Court finds that it would be inappropriate in this circumstance, the Court will not grant an interlocutory appeal.

### CONCLUSION

For the foregoing reasons, the Motion to Determine Jurisdiction (12-cv-1148: Doc. 2; 12-cv-1149: Doc. 2; 12-cv-1150: Doc. 2) is GRANTED insofar as the Court rules on the issue of jurisdiction. The Court finds that it does not have jurisdiction over these appeals, and so they are DISMISSED FOR LACK OF JURISDICTION. The Motion to Consolidate (12-cv-1148: Doc. 4; 12-cv-1149: Doc. 4; 12-cv-1150: Doc. 4) is therefore DENIED AS MOOT. CASE TERMINATED. IT IS SO ORDERED. Entered this <u>1st</u> day of October, 2012.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
